IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEREK MAURICE ROOTS, §
 §
    Petitioner, §
 §
v. § Civil Action No. 4:17-CV-432-O
 §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
    Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Derek Maurice Roots, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On November 8, 2010, in the 396th District Court, Tarrant County, Texas, Case No. 1179483D, Petitioner judicially confessed and pleaded guilty pursuant to a plea agreement to one count of assault of a family or household member and true to the repeat-offender notice in the indictment and was placed on eight years' deferred adjudication community supervision.[1] SHR02[2]

---

[1] On the same day in the same court, Petitioner also pleaded guilty pursuant to a plea agreement to one count of aggravated assault with a deadly weapon in Case No. 1179485D and true to the repeat-offender notice in the indictment and was placed on deferred adjudication community supervision for eight years. Clerk's R.48-58, ECF No. In the instant petition, Petitioner does not challenge the plea proceedings as to that offense. Pet. 2, ECF No. 1. Although Petitioner asserts that he filed two federal petitions, one for each state-court conviction, court records reflect only the instant habeas action pending on the Court's docket. Pet'r's Resp. 1, ECF No. 11.

[2] "SHR02" refers to the court record of Petitioner's state habeas proceeding in WR-54,835-02.

64-73, ECF No. 10-29. Petitioner did not appeal the order of deferred adjudication. The state subsequently moved to adjudicate his guilt based on various violations of the conditions of his community supervision. *Id.* at 84. On September 6, 2012, after a hearing, the trial court found the allegations to be true, adjudicated Petitioner's guilt, and assessed his punishment at 20 years' confinement in TDCJ. SHR02 87, ECF No. 10-29; Reporter's R., vol. 2, 63, ECF No. 10-6. Petitioner appealed the judgment adjudicating guilt, but, on December 19, 2013, the Second District Court of Appeals of Texas affirmed the trial court's judgment. Mem. Op. 5, ECF No. 10-3. Petitioner did not file a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals. Electronic R. 1, ECF No. 10-17. On August 12, 2016, Petitioner filed a postconviction state habeas-corpus application, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on March 27, 2017, without written order on the findings of the trial court.[3] SHR02 17 & Action Taken, ECF Nos. 12-16 & 12-13, respectively. This federal petition for federal habeas relief was filed on May 19, 2017.[4] Pet. 10, ECF No. 1.

In the petition, Petitioner raises the following grounds: (1) his guilty plea was rendered involuntary due to ineffective assistance of trial counsel (ground one); (2) there is no evidence to support his conviction and he is actually innocent of the charged offense (ground two); and (3) he was denied effective assistance of trial counsel by counsel's failure to obtain exculpatory evidence of Petitioner's innocence and advising Petitioner to plead guilty when no evidence existed to support

---

[3]Petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the application was signed and verified by Petitioner on August 12, 2016; thus, the Court deems the application filed on that date.

[4]Likewise, a petitioner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

his plea (grounds three and four). *Id.* at 6-7. Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. Resp't's Preliminary Answer 5-12, ECF No. 9.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims relate to the 2010 plea proceedings, the one-year limitations period began to run under subsection (A), applicable in this case, on the date the order of deferred adjudication became final upon expiration of the time that Petitioner had for filing a notice of appeal

3

on December 8, 2010, and expired one year later on December 8, 2011, absent any tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's postconviction state habeas application filed on August 12, 2016, long after the limitations period had expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is time-barred unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no effort to explain his delay. Rather, despite his guilty plea, he claims "actual innocence has no[] statute of limitations and should be a gateway to an otherwise time barred issue." Pet. 9, ECF No. 1. A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense.[5] *McQuiggin,* 133 S. Ct. at

---

[5]In Petitioner's state habeas proceeding, based on the documentary record, counsel's affidavit, and his own recollection of the original plea proceedings, the state habeas judge found that Petitioner's guilty plea was knowingly, freely, and voluntarily entered, and the Texas Court of Criminal Appeals denied relief based on the habeas court's

1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, it is well settled under Texas law that a judicial confession, standing alone, is sufficient evidence to sustain a conviction. *See Dinnery v. State,* 592 F.2d 343, 353 (5th Cir. 1979). Moreover, there is no federal constitutional requirement that a state court establish a factual basis to corroborate a guilty plea in a state criminal prosecution prior to its acceptance unless the state judge has specific notice that a factual inquiry is needed, such as when an accused asserts his innocence in conjunction with his plea. *See Orman v. Cain,* 228 F.3d 616, 621 (5th Cir. 2000); *Smith v. McCotter,* 786 F.3d 697, 702 (5th Cir. 1986). In any event, in this habeas proceeding, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." He asserts that "exculpatory video from [the] offense location" and the victim's recantation support his actual-innocence claim, however he fails to present the video in question for the Court's viewing or an affidavit, or other evidence, that the victim, in fact, recanted.

Because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before December 8, 2011. His petition filed on May 19, 2017, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, pursuant to 28 U.S.C. § 2253(c), for the

---

findings. SHR02 51-58, ECF No. 10-29. Absent clear and convincing evidence in rebuttal, this Court must defer to the state courts' finding on the issue. 28 U.S.C. § 2254(e)(1).

reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of November, 2018.

_Reed O'Connor_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**